IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

CHARLES RILEY, JR.                                                                    PLAINTIFF

VS.                                                       CIVIL ACTION NO. 5:07CV32-DCB-MTP

GEORGE KENT, TOMMIE MOFFETT,
AND SHERIFF MARTIN PACE                                                           DEFENDANTS

## REPORT AND RECOMMENDATION

THIS MATTER is before the court upon defendant George Kent's motion to dismiss or in the alternative for summary judgment [25].  Plaintiff is proceeding *pro se* and *in forma pauperis*.  Having considered the motion, all documents made a part of the record in this case and the applicable law, the undersigned recommends that the motion be granted and, further, that plaintiff's claims against all defendants be dismissed without prejudice.  The undersigned further recommends that defendant Martin Pace's motion to dismiss based upon qualified immunity [15] be dismissed as moot.

Factual Background

Plaintiff filed suit *pro se* on February 20, 2007, pursuant to 42 U.S.C. § 1983, claiming that in December 2006, while he was an inmate at Issaquena County Regional Correctional Facility ("ICRCF"),[1] certain felony prisoners started a riot and he, along with other misdemeanor inmates who were being housed with the felony inmates, were "jumped" for refusing to participate in the riot.  Plaintiff appears to be claiming that he did not receive proper medical care treatment for the injuries he suffered.  Plaintiff also alleges that during that same time period,

---

[1] By letter dated August 23, 2007 [21], plaintiff informed the court that he was no longer incarcerated at ICRCF.

felony inmates were bullying the misdemeanor inmates by, for example, stealing their food, and that the misdemeanor inmates were being wrongfully punished by the guards for incidents they were not involved in by losing their visitation and phone privileges.  In addition, plaintiff claims that while at ICRCF, he was served cold meals and denied yard calls.

Defendant George Kent filed a motion to dismiss for failure to state a claim or in the alternative for summary judgment [25] on September 24, 2007,[2] on the ground that plaintiff had not exhausted his administrative remedies.  When plaintiff failed to respond to the motion, the court entered an order on February 14, 2008 [29], affording him one final opportunity to do so.  Plaintiff was given until February 29, 2008 to respond to the motion; otherwise, he was warned that the court would consider the motion without response.  Plaintiff has not responded to the motion and, therefore, this court shall consider the motion without response.

## Analysis

42 U.S.C. § 1997e(a) requires prisoners to exhaust any available administrative remedies prior to filing suit under 42 U.S.C. § 1983.  *See also Woodford v. Ngo*, 126 S.Ct. 2378, 2387 (2006) (holding that PLRA exhaustion requirement requires "proper exhaustion" through strict compliance with the time limits set forth in the procedural rules governing grievances before filing suit); *Johnson v. Ford*, 2008 WL 118365, at * 2 (5th Cir. Jan. 14, 2008) (stating that the Fifth Circuit takes "a strict approach" to the PLRA's exhaustion requirement) (*citing Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003)).   A prisoner's failure to exhaust administrative

---

[2] The other remaining defendants in this lawsuit have not joined in the motion. Defendant Pace has filed a separate motion to dismiss based on qualified immunity [15], which is currently pending before the court.  Defendant Tommie Moffett has not appeared in this action, although he apparently was served with process on July 13, 2007 [23].

remedies is an affirmative defense that the defendant must plead and prove. *See Jones v. Bock*, 127 S.Ct. 910, 921 (2007).

As the exhibit to the motion to dismiss/motion for summary judgment (which is unrebutted) establishes, ICRCF has in place a formal grievance procedure for addressing complaints such as plaintiff's. Inmates are informed that they are required to use this procedure before they can file a lawsuit in court. The procedure requires that an inmate first file a formal, written grievance within 30 days of an alleged event (via Form ARP-1), and if the inmate is not satisfied with the first-step response to his grievance, he may request further review up the chain of command, ultimately concluding with the third-step review of the Commissioner of the Mississippi Department of Corrections. Then, "[i]f an inmate is not satisfied with the Third Step response, he may seek judicial review within 30 days after receipt and signing for the decision."

In his complaint, plaintiff admits that he did nothing more than make verbal complaints on four occasions about the incidents in question. *See* Complaint at 4. It is thus clear, even from the face of the Complaint, that plaintiff has failed to exhaust administrative remedies. Nor has plaintiff established that he should somehow be excused from the exhaustion requirement - by showing, for example, that administrative remedies are inadequate because prison officials ignored or interfered with plaintiff's pursuit of his administrative remedy. *Johnson*, 2008 WL 118365, at * 2 (*citing Holloway v. Gunnell*, 685 F.2d 150, 154 (5th Cir. 1982)). Indeed, as noted above, plaintiff has not responded to defendant's motion at all. Accordingly, the appropriate remedy is for this court to dismiss plaintiff's claims without prejudice, for failure to exhaust. *See*, *e.g.*, *Lane v. Harris Cty. Med. Dep't*, 2008 WL 116333, at * 1 (5th Cir. Jan. 11, 2008)

(affirming dismissal of prisoner complaint for failure to exhaust administrative remedies).[3]

## RECOMMENDATION

For the foregoing reasons, it is the recommendation of this court that defendant Kent's motion to dismiss or in the alternative for summary judgment [25] be granted, and that plaintiff's claims against all defendants be dismissed without prejudice.  It is further the recommendation of this court that defendant Pace's motion to dismiss based on qualified immunity [15] be dismissed as moot.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within ten days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party.  The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this court with

---

[3] Although defendants Moffett and Pace have not joined in this motion (indeed, as noted above, defendant Moffett has not even appeared in this action), the court is nevertheless authorized to dismiss plaintiff's claims against them, as well.  Because the plaintiff is proceeding *in forma pauperis* in this action, his complaint is subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2), which mandates dismissal "at any time" if the court determines that the action "fails to state a claim on which relief may be granted."  *See also Ali v. Higgs,* 892 F.2d 438, 440 (5th Cir. 1990) (recognizing the court's authority "to test the proceeding" and deeming appropriate *sua sponte* evaluation of the merit of the asserted claim).  Even after the Supreme Court's decision in *Bock*, district courts are still authorized to dismiss a complaint where failure to exhaust is apparent from the face of the complaint, and are also allowed *sua sponte* to inquire into whether a claim has been exhausted and dismiss the complaint after giving the inmate notice and an opportunity to address the issue.  *See*, *e.g.*, *Moore v. Bennette*, 2008 WL 518189, at * 5 (4th Cir. Feb. 28, 2008); *Anderson v. Donald*, 2008 WL 73672, at * 2 (11th Cir. Jan. 8, 2008), *cert. denied*, 2008 WL 552935 (Mar. 3, 2008); *Bell v. Holden*, 2008 WL 544679, at * 2 (M.D. La. Feb. 28, 2008) (*citing Tanner v. Fed'l Bureau of Prisons*, 475 F.Supp. 2d 103, 105 (D.D.C. 2007)) (adopting Magistrate Judge's Report and Recommendation). Both of these situations apply in the instant case.

instructions.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within ten days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected.  *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

      THIS, the 31st day of March, 2008.

                                              s/ Michael T. Parker
                                              United States Magistrate Judge